# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

CASSIE HIDDLE,

    Plaintiff,

    v.

DARDEN RESTAURANTS, INC. and
GMRI, INC.,

    Defendants.

CAUSE NO.: 4:25-CV-3-TLS-JEM

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss First Amended

Complaint [ECF No. 20] brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

to state a claim. For the reasons explained below, the motion is denied.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Cassie Hiddle brings this action against her former employer Defendants Darden

Restaurants, Inc. and GMRI, Inc., alleging that she was subjected to a hostile work environment

because of her sex in violation of Title VII of the Civil Rights Act of 1964. Am. Compl., ECF

No. 10. The Plaintiff alleges she was employed as a server at the Defendants' Cheddar's Scratch

Kitchen and, during her thirteen-month tenure, was subjected to lewd and lascivious acts,

inappropriate statements of a sexual nature, and unlawful touching by various employees at the

establishment. *Id.* 2. She alleges that these various incidents of a sexual nature contributed to a

hostile work environment at Cheddar's. *Id.*

More specifically, the Plaintiff alleges that a male co-worker would make lewd

comments, rub against her, dry hump her by grabbing her waist from behind the sides or front

and asking her how her "big titties were doing today." *Id.* 2–3. She alleges that "management

periodically witnessed such activities. They did nothing to stop the behavior and rather laughed it off." *Id.* 3. She also alleges that sexually derogatory statements such as "Wet Pussy Wednesday," "Thick Bitch Thursday," and "Corporate Cassie" (denigrating the Plaintiff for reporting conduct) regularly appeared on a dry-erase board in the kitchen and office area. *Id.*; Am. Compl. Ex. A, ECF No. 10-1. She further alleges that the manager of Cheddar's would often call staff "dumb sluts," "dumb whores," and "dumb bitches." Am. Compl. 3. She alleges that he would also grab her by her hips and move her out of the way while making sexually infused comments about cheating on his blind wife. *Id.* 4.

Prior to filing this lawsuit, the Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC). *Id.* 5. The EEOC conducted a thorough investigation of the Plaintiff's allegations of a sexually hostile work environment and, on August 28, 2024, issued a Letter of Determination announcing that its investigation had revealed that "[the Plaintiff] and a class of employees were subjected to severe or pervasive unwelcomed sexual comments and touching by co-workers and managers." Am. Compl. Ex. B at 1, ECF No. 10-2; *see* Am. Compl. 5. The Letter of Determination stated that "there is reasonable cause to believe Respondent violated Title VII of the Civil Rights Act of 1964." Am. Compl. Ex. B at 1; Am. Compl. 5. The EEOC's efforts to resolve this dispute were unsuccessful, and the Plaintiff received a Right to Sue notice issued by the EEOC on October 31, 2024. Am. Compl. 6. On January 22, 2025, the Plaintiff filed this lawsuit. Comp., ECF No. 1.

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed.

R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (cleaned up).

## ANALYSIS

To state a Title VII hostile work environment claim, the Plaintiff must allege that (1) she was subject to unwelcome harassment; (2) the harassment was based on her sex; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018) (citation omitted).[1] In the

---

[1] Although the test is sometimes phrased differently, "looking instead for evidence that the workplace was both subjectively and objectively offensive," which is sometimes "in lieu of the first prong—that the employee was subject to unwelcome harassment—or the third prong —whether the harassment was severe or pervasive enough to rise to the level of a hostile work environment," the Seventh Circuit has said "the inquiry is the same." *Johnson*, 892 F.3d at 900 (citation omitted).

motion to dismiss, the Defendants argue only that the Plaintiff's claim fails on the second prong because "the purportedly harassing behavior as alleged was indiscriminate and was experienced by both males and females." Mot. 2, ECF No. 20-1. The Defendants reason that the Plaintiff "has no actionable claim for hostile work environment because both males and females, regardless of sex, were allegedly exposed to the same environment in the same setting." *Id*. 5. In support, the Defendants describe the Plaintiff's Amended Complaint as alleging "that inappropriate behavior occurred in the restaurant generally" and that both males and females were exposed to the allegedly harassing behavior. *Id*. 6.

The Plaintiff responds that the Defendants have incorrectly summarized the allegations and that she has not alleged that both sexes were subjected to the same conduct. Resp. 3, ECF No. 27. The Plaintiff contends that her Amended Complaint sets out "the actions to which she was subjected" and that "at no point has she said that males were the victims of the same conduct and actions as was she." *Id*. 7. She argues that "she makes no allegation that males experienced these same instances at all, let alone in the same way." *Id*. 9.

The Court finds that the Plaintiff has plausibly alleged that the alleged harassment was because of her sex. Recall that the Plaintiff's Amended Complaint alleges, for example, that (1) a male co-worker would make lewd comments, rub against her, dry hump her by grabbing her waist from behind the sides or front and asking her how her "big titties were doing today"; (2) management periodically witnessed such activities, did nothing about it, and "laughed it off"; (3) derogatory statements such as "Wet Pussy Wednesday," "Thick Bitch Thursday," and "Corporate Cassie" would appear on the dry-erase board in the workplace; (4) the male manager at Cheddar's would often call staff "dumb sluts," "dumb whores," and "dumb bitches"; and (5) the manager would grab her by her hips and move her out of the way while making sexually

infused comments about cheating on his blind wife. Notably, the Defendants do not quote or discuss any of these specific allegations in their motion or reply brief. The Plaintiff's description of her experiences, taken as true, are sufficient to plausibly allege that she experienced a hostile work environment because of her sex.

In support of their motion, the Defendants cite multiple cases standing for the proposition that there is no actionable claim for a hostile work environment where both males and females were exposed to the same harassment from the same individuals. None of the cases cited by the Defendants map on to the allegations in the Plaintiff's Amended Complaint. The Defendants first cite *Holman v. Indiana*, 211 F.3d 399 (7th Cir. 2000). In *Holman*, a male and a female jointly filed a lawsuit alleging that their supervisor had sexually harassed each of them individually and then retaliated against each of them for rejecting his advances. *Id.* at 400–01. There, the Seventh Circuit Court of Appeals affirmed the district court's holding that the plaintiffs had failed to state a claim "[b]ecause the complaint specifically and unequivocally claimed that the same supervisor had been sexually harassing the male and female plaintiffs . . . and then had retaliated against each." *Id*. at 401. Here, the Plaintiff has not alleged that the same supervisor took the same actions against her and a male co-worker. As alleged, the Plaintiff's Amended Complaint makes specific allegations about harassment she faced from co-workers and managers because of her sex. She does not allege that her male co-workers experienced the exact same harassment from the exact same individuals.

The Defendants also cite *Pasqua v. Metropolitan Life Insurance Co.*, 101 F.3d 514 (7th Cir. 1996). *Pasqua* is distinguishable because it was decided on summary judgment, not on a motion to dismiss. And in any event, *Pasqua* misses the mark. In that case, a male filed a lawsuit under Title VII complaining that he was subjected to a hostile work environment when

5

colleagues began to circulate rumors of an improper relationship between him and a female co-worker. *Id.* at 515–16. Pasqua asserted that he was subjected to a hostile work environment because of his sex due to the rumors and that he was demoted in retaliation for complaining about the rumors. *Id.* at 516. The district court granted summary judgment in favor of the defendant and the Seventh Circuit affirmed. *Id.* at 515. Discussing Pasqua's Title VII claim, the Seventh Circuit noted, "There is not even a hint in the record that any rumors or vulgar statements concerning an illicit relationship between Pasqua and Vukanic were made *because* Pasqua was a male." *Id.* at 517. The court continued, "By the very nature of such gossip, *both* Pasqua and Vukanic were made the subject matter as is evidenced by Vukanic being the first to utter a threat to sue over the matter." *Id.* In contrast to *Pasqua*, here the Plaintiff's Amended Complaint alleges a variety of harassing behavior the Plaintiff experienced and does not rely solely on an allegation that involves a member of the opposite sex being treated in the same manner.

It is true that the Amended Complaint mentions that both men and women working at Cheddar's were subjected to a hostile work environment. The Plaintiff alleges that she, along with numerous co-workers, experienced frequent sexually inappropriate conduct. However, as pointed out in her response brief, the Plaintiff does not allege that males working at Cheddar's experienced the same instances of sexually inappropriate conduct from the same employees and managers that she did.

The fact that both men and women are subjected to a hostile work environment at the same workplace, standing alone, is not enough to defeat a Title VII claim. *Adams v. Cook Cnty. Sheriff's Off.*, No. 23 C 1390, No. 23 C 2559, No. 23 C 3444, 2024 WL 263035, at *6 (N.D. Ill. Jan. 24, 2024) ("It is well established in the Title VII harassment context that both a male and

female employee may bring hostile work environment claims against the same employer if they
'are in different settings, reporting to different supervisors, with different co-workers.'" (quoting
*Venezia v. Gottlieb Mem'l Hosp., Inc.*, 421 F.3d 468 (7th Cir. 2005))). In *Venezia*, the Seventh
Circuit overturned the district court's dismissal of a husband and wife's claim of a hostile work
environment that took place at the hospital where they worked. 421 F.3d at 469. The court
refused to extend the idea of the "equal opportunity harasser" from the individual harasser to the
overall entity. *Id.* at 471. Finding that the district court erred in relying on *Holman* and *Pasqua* as
a basis to dismiss the complaint, the court held that the husband and wife each successfully
stated a hostile work environment claim against the hospital because they alleged separate
instances of sexual harassment composed of different activities and actors. *Id*. at 471–73.

In their briefing, the parties discuss two other civil complaints filed in this Court by two
of the Plaintiff's former co-workers at Cheddar's. *See Perez v. Darden Restaurants, Inc.*, No.
4:25-cv-5 (N.D. Ind.); *Manning v. Darden Restaurants, Inc.*, No. 4:25-cv-6 (N.D. Ind.). In each
case, the Plaintiff's co-worker asserts a claim for a hostile work environment based on sex. *See
Perez*, 4:25-cv-5, ECF No. 10 at 1; *Manning*, 4:25-cv-6, ECF No. 11 at 1. The Defendants assert
that these lawsuits support the dismissal of the Plaintiff's case and ask the Court to take judicial
notice of them. In their reply brief, the Defendants argue, "The *Manning* and *Perez* Amended
Complaints are appropriate for judicial notice as records . . . which indisputably allege that Mr.
Manning and Mr. Perez experienced harassment by their supervisors or co-workers, just as [the
Plaintiff] alleges." Reply 6, ECF No. 30. The Court takes judicial notice of these lawsuits to the
extent their existence provides some context to understand the Plaintiff's claim. However, those
complaints are not part of this litigation, and the Court will not decide whether the Plaintiff has
stated a claim by referring to the allegations made by other plaintiffs. The allegations in those

complaints have no bearing on whether the Plaintiff has stated a claim in this case. *See Adams*, 2024 WL 263035, at *5 (explaining that related but separate actions must be analyzed independently for purposes of Rule 12(b)(6)).

The Court nevertheless briefly discusses the allegations of Mr. Manning's (a male co-worker) amended complaint to illustrate they are not the same as those of the Plaintiff's Amended Complaint. In his amended complaint, Mr. Manning, like the Plaintiff, asserts that a variety of harassing events took place during his time working at Cheddar's. Mr. Manning alleges that a homosexual male co-worker would aggressively and intimidatingly "grab Plaintiff's genitals." *Manning*, 4:25-cv-6, ECF No. 11 at 2. Mr. Manning also alleges that a female manager showed the Plaintiff a photo of her spouse's genitals. *Id*. 3. These specific allegations of harassment are different from the Plaintiff's and are not mentioned in her Amended Complaint. Of course, the Court is not adopting or accepting any facts presented in Mr. Manning's amended complaint for the truth of the matter asserted. *See Carter v. Sturgeon*, 643 F. Supp. 3d 862, 865 (N.D. Ind. 2022) (explaining that, while a court may take judicial notice of public court documents, courts generally cannot take judicial notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable). The Court notes these allegations in Mr. Manning's amended complaint only to illustrate that, even if it were appropriate to assess the plausibility of the Plaintiff's Amended Complaint by reading it in tandem with Mr. Manning's, his allegations do not support a dismissal of the Plaintiff's Amended Complaint.

The Plaintiff has filed a Motion to Strike a Portion of Defendant's Reply [ECF No. 31]. In the motion, the Plaintiff asks the Court to strike the Defendants' request for limited discovery, which was first raised in a footnote of the Defendants' reply brief. Reply briefs are for replying

and not raising new arguments that could have been presented in the opening brief. *Porter v. Franciscan All., Inc.*, No. 1:22-cv-2131, 2024 WL 4198144, at *7 (S.D. Ind. Sept. 16, 2024). Thus, the Court refrains from considering the Defendants' request for limited discovery and would have done so without the motion to strike. *See United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023) ("Just as undeveloped arguments are waived, so are arguments raised for the first time in reply briefs." (citation omitted)). Therefore, the Court denies as moot the motion to strike.

Finally, the Plaintiff also recently filed a Motion for Leave to File Sur-Reply [ECF No. 34] seeking leave to file a sur-reply to assert four arguments. All the arguments are moot. First, the Plaintiff would ask the Court to deny the Defendants' request for limited discovery made in their reply brief. For the same reasons stated above, the request is moot. Second, the Plaintiff would argue that the Defendants' reference, based on evidence outside the record, to the Plaintiff having the names of other potentially aggrieved Cheddar's workers through the EEOC investigation is inappropriate and wrong. Because that reference is not material to the Court's ruling, the request is moot. Third, the Plaintiff would argue that the Defendants make a new argument for the first time in their reply brief that the Plaintiff has failed to allege how the alleged harassment affected her job performance. Because as a matter of course the Court does not consider new arguments raised for the first time in a reply brief, the request is moot. *See Williams*, 85 F.4th at 849. Finally, the Plaintiff would argue that the Defendants make an assertion for the first time regarding the EEOC's findings. Again, because those facts are not material to this ruling, the request is moot. Therefore, the Court denies the motion.

At the motion to dismiss stage, all well-pled facts alleged in the complaint are taken as true and all reasonable inferences are drawn in the Plaintiff's favor. *Bell*, 835 F.3d at 738. Taking

as true the well-pled facts of her Amended Complaint, the Plaintiff has plausibly alleged that she was harassed based on her sex as necessary to state a claim for a hostile work environment in violation of Title VII.

## CONCLUSION

The Court hereby DENIES the Defendants' Motion to Dismiss First Amended Complaint [ECF No. 20], DENIES as moot the Plaintiff's Motion to Strike Portion of Defendants' Reply [ECF No. 31], and DENIES the Plaintiff's Motion for Leave to File a Sur-Reply [ECF No. 34].

SO ORDERED on September 29, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT