**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| CASSIE HIDDLE,<br><br>Plaintiff,<br><br>v.<br><br>DARDEN RESTAURANTS, INC. and GMRI, INC. d/b/a CHEDDAR'S SCRATCH KITCHEN,<br><br>Defendants. | CAUSE NO.: 4:25-CV-3-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Findings, Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 55], filed by Magistrate Judge John E. Martin on October 9, 2026.

On June 17, 2026, the Defendants filed a Motion for Sanctions Seeking Sanctions for Plaintiff's Unjustified Failure to Appear for Her Properly Noticed Deposition, or Alternatively, Motion to Compel Non-Evasive and Complete Responses to Discovery Requests. ECF No. 48. The motion was fully briefed. ECF Nos. 49, 50, 54. Discovery closed on June 30, 2026.

On July 13, 2026, the Court referred the Motion for Sanctions to Magistrate Judge John E. Martin for a Report and Recommendation governed by 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 51. The nondispositive, alternative Motion to Compel Non-Evasive and Complete Responses to Discovery Requests was not subject to the referral and was pending before Judge Martin pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). *Id.*

On October 9, 2026, Judge Martin issued his Report and Recommendation [ECF No. 55], recommending that the Court grant in part and deny in part the Motion for Sanctions. Judge Martin recommends denying the motion as to the sanctions of dismissal and monetary sanctions but granting the Defendants' request for an award of their reasonable expenses incurred in bringing the motion under Federal Rule of Civil Procedure 37(d)(3). Judge Martin also denied the alternative Motion to Compel for failure to comply with the meet and confer requirements of Federal Rule of Civil Procedure 37 and Northern District of Indiana Local Rule 37-1. Judge Martin *directed* the parties

> to thoroughly discuss their remaining discovery disputes, including Plaintiff's contention regarding the number of interrogatories exceeding the 25-interrogatory limit through subparts, as this appears to be the reason for many of Plaintiff's non-responses or objections. *The parties must meaningfully attempt to resolve their discovery disputes before seeking additional court intervention*.

ECF No. 55, p. 5 (emphasis added).

The Court's review of the Report and Recommendation on the Motion for Sanctions is governed by 28 U.S.C. § 636(b)(1)(C), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court's review of Judge Martin's ruling on the nondispositive, alternative Motion to Compel is governed by Federal Rule of Civil Procedure 72(a), which allows parties to object within fourteen days of being served with the order. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

Judge Martin's ruling, which was docketed on October 13, 2026, gave the parties notice that they had fourteen days to file objections to the Report and Recommendation. ECF No. 55. The Defendants timely filed an Objection on October 27, 2026. ECF No. 57. The Plaintiff did not file a response to the objection, and the time to do has passed.

The Defendants "object to specified findings and the denial of their motion to compel." ECF No. 57, p. 1. This objection disputes Judge Martin's recitation of the chronology of the Defendants' pre-motion efforts to resolve the discovery dispute, which was the basis for Judge Martin denying the Motion to Compel because the Defendants had not complied with Rule 37. The Defendants also state: "To the extent the challenged findings also support the recommended disposition of the sanctions request, Defendants request review under Rule 72(b). Defendants do not seek to disturb the recommended award of reasonable expenses . . . ." *Id.* The Defendants offer no further analysis regarding Judge Martin's recommendation on the Motion for Sanctions and, thus, do not appear to object to his recommendation to deny the requests for dismissal and monetary sanctions. The Defendants do not object to the award of reasonable expenses under Rule 37(d).

Beginning with the Motion for Sanctions, as neither party raised a specific objection, under Rule 72(b) and 28 U.S.C. § 636(b)(1)(C), the Court finds no clear error in Judge Martin's Report and Recommendation on the Motion for Sanctions and adopts it in full.

Turning to the Defendants' objection to the denial of the Motion to Compel, which is governed by Rule 72(a) for nondispositive matters, the Court likewise finds no clear error in Judge Martin's ruling. The Court has carefully reviewed the Defendants' underlying motion, the Plaintiff's response, the Defendants' reply, the Plaintiff's surreply, Judge Martin's Report and Recommendation, and the Defendants' objection. The Court is not left with the "definite and firm conviction that a mistake has been made." The Court overrules the Defendants' objection to Judge Martin's ruling on the nondispositive Motion to Compel.

As a practical matter, even though discovery closed on June 30, 2026, Judge Martin *directed* the parties to discuss the remaining discovery disputes and to attempt to resolve the disputes before seeking additional court intervention. Thus, it appears that Judge Martin is amenable to extending the discovery deadline to allow the parties to resolve the remaining disputes. If they are unable to do so after diligently attempting to resolve the disputes as required by Rule 37 and Local Rule 37-1, a renewed motion to compel based on these new discussions may be appropriate. However, to the extent the Defendants seek such relief in the concluding paragraph of their objection, these discovery matters going forward are best resolved on fresh motions before Judge Martin after meaningful discussion by the parties in advance.

Accordingly, upon review of the Report and Recommendation referred under 28 U.S.C. § 636(b)(1)(C) on the Motion for Sanctions, the Court finds no clear error and ACCEPTS, IN WHOLE, the Report and Recommendation [ECF No. 55], GRANTS in part and DENIES in part the Motion for Sanctions [ECF No. 48], and ORDERS that the Defendants be awarded their

reasonable expenses incurred in bringing the motion for sanctions under Federal Rule of Civil Procedure 37(d). The Court notes that the parties are briefing the Defendants' affidavit for reasonable expenses, which is pending before Judge Martin.

The Court OVERRULES the Defendants' Objections to Judge Martin's Order on the Motion to Compel [ECF No. 57].

SO ORDERED on November 25, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT